FINAL REPORT[1]

*Amendment of Pa.R.Crim.P. 801*

QUALIFICATIONS OF CAPITAL CASE COUNSEL; PROSECUTORIAL EXPERIENCE

On January 11, 2016, effective April 1, 2016, upon the recommendation of the Criminal Procedural Rules Committee, the Court adopted the amendment of Rule of Criminal Procedure 801 (Qualifications for Defense Counsel in Capital Cases) to correct the description of the prosecutors to whom the rule is applicable and to clarify that experience as a prosecutor should be considered to satisfy the experiential requirements of the rule.

Rule 801 (Qualifications for Defense Counsel in Capital Cases) was adopted on June 4, 2004.[2] Rule 801 provides standards for experience and continuing legal education required of criminal defense counsel representing defendants in proceedings involving possible capital punishment, including pretrial, trial, post-conviction, and appellate proceedings. Included in these standards is the requirement that, before an attorney may represent a defendant in a capital case, either as retained or appointed counsel, he or she must serve as lead or co-counsel in a minimum of 8 significant cases which were tried to verdict before a jury.[3] A "significant case" is defined in the rule as a case involving a charge of murder, including manslaughter and vehicular homicide, or a felony of the first or second degree.

The Committee was asked whether experience acquired as a prosecutor could be counted toward the requirements of Rule 801(1). Although this is not explicitly stated in the rule, it seems logical that the experience acquired in significant cases either as a

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.
[2] Rule 801 was not developed originally by the Committee but rather was the product of a special *ad hoc* group.
[3] Representation in appellate proceedings requires prior appellate or post-conviction representation in a minimum of 8 significant cases.

prosecutor or as defense counsel be counted.  Even though the function of a prosecutor is obviously different, many of the trial and practice skills are complementary.  Such an interpretation would provide a reasonable inclusiveness in an already limited pool of counsel.  Furthermore, this is the common practice in most jurisdictions.  Therefore, the *Comment* to Rule 801 has been revised to indicate that such experience be considered in determining whether counsel qualifies under the rule.

The Committee also received a suggestion to broaden the language of the initial paragraph of the rule regarding the filing of the notice of aggravating circumstances from the term "district attorney" to "attorney for the Commonwealth."   There are times when the Office of the Attorney General prosecutes a murder as a capital offense, either arising out of their primary jurisdiction or after a case has been referred to them by a district attorney.  Therefore, the terminology in the rule has been changed to this effect.